CORNELIA FAY CLINE, Appellant, *v.* DAVID H. SHERMAN et al., as Executors, etc., Respondents.

The will of S. gave to each of four grandchildren $10,000, to be set apart and invested by the executors, and paid, with the accumulated interest, to the beneficiary on arrival of age. The executors were two sons of the testator, each having two children, who were the beneficiaries named. Upon the final accounting of the executors all parties interested were duly cited and appeared. In the accounts rendered was a statement to the effect that from the assets $40,000 had been set apart and invested in U. S. bonds, of which $20,000 was registered in the name of D., one of the executors, as trustee for his two children, and $20,000 in the name of S., the other executor, as trustee for his children. The decree of the

surrogate approved of the action of the executors, and by its terms discharged them "from all and every liability, as well to each other as to others as executors." In an action brought by one of the children of S. against him and D., to compel an accounting as to the trust fund to which she was entitled, *held*, that the surrogate had jurisdiction to determine as to the distribution of the estate and the disposition of the trust fund, and he having approved of, and substantially directed the separation of the trust funds, the executors were discharged, and each became separately and only liable as trustee for trust funds in his hands; and so, that D. was not liable for the waste by S. of the fund in his hands to which plaintiff was entitled.

Reported below, 78 Hun, 298.

(Argued January 22, 1895 ; decided February 5, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made May 16, 1894, which affirmed a judgment in favor of defendants entered upon a decision of the court on trial at Special Term.

This action is brought by the plaintiff, a granddaughter of one Walter Sherman, deceased, to compel defendants, as executors and trustees under his will, to account for a trust fund to which the plaintiff was entitled under her grandfather's will upon attaining her majority.

The judgment was in favor of the defendant David H. Sherman, on the ground that he was not responsible, upon the facts appearing, for the acts of the other defendant, who was also a trustee and in whose custody the $10,000 trust fund was placed.

The following is the fourth clause of the will under which the trust fund was created :

"*Fourth.* I give and bequeath to each of my four grandchildren, Walter A. Sherman, Jr., Mary C. Sherman, Cornelia Fay Sherman and David H. Sherman, Jr., the sum of $10,000 apiece, to be set apart for each by my executors one year after my decease, and to be invested and re-invested safely by my executors with the accumulated interest until each of my said grandchildren severally shall become of age ; and I order and direct my said executors to pay over said sum, with its

accumulations, to each of my said grandchildren respectively, as he or she reaches the age of twenty-one years. If any of my grandchildren shall die before reaching the age of twenty-one years, leaving issue, such issue shall thereupon take the sum so given hereby to the parent; but should any so die without issue before twenty-one the said sum or sums, with the accumulations, shall revert to my general estate."

The defendants were made executors by the seventh clause of the will. They were sons of the testator, and each had two children, the four being the beneficiaries named in the above fourth clause of the will. The executors subsequently duly presented their petition for a final accounting as executors, and in the account, as presented by them, the following statement was made after acknowledging the receipt by them of the assets of the testator:

"From the amount thereof we have set apart the sum of $40,000, and adding from our own funds the amount of premiums, we have purchased and now hold $10,000 in United States 4 per cent bonds, registered in the name of David H. Sherman, trustee of Walter A. Sherman; $10,000 in like bonds, registered in the name of David H. Sherman, trustee for Mary C. Sherman; $10,000 in like bonds, registered in the name of Samuel W. Sherman, trustee for Cornelia Fay Sherman, and $10,000 in like bonds, registered in the name of Samuel W. Sherman, trustee for David H. Sherman, Jr., all of said bonds being here set down at their face value."

Everybody interested was duly cited and appeared on the accounting; the plaintiff, at that time an infant, appeared by her guardian *ad litem.*

The court on this trial finds that the defendant "David H. Sherman retained in his hands and custody from the property of the estate the sum of twenty thousand (20,000) dollars, which by the 'fourth' clause of said will was set apart for Walter A. Sherman and Mary C. Sherman, and that Samuel W. Sherman retained from the property of the estate the sum of twenty thousand (20,000) dollars, which was set apart for the plaintiff, Cornelia Fay Sherman, and David H. Sherman,

Jr., and that he invested $10,000 of the same in United States bonds, registered in the name of Samuel W. Sherman, trustee for Cornelia Fay Sherman, the plaintiff."

Each executor thus retained in his character of trustee that portion of the trust fund applicable to his own children. The surrogate, after the presentation of the account and the appearance of all interested and no one opposing, entered a decree, approving of the action of the executors in these words: " And it appearing by said accounts so signed and verified by said executors, and by proof now made before the surrogate, that the said David H. Sherman and Samuel W. Sherman are the sole heirs at law and next of kin of said deceased, and also the only residuary legatees under said will, and that they have equally and fairly divided the remainder of said estate between themselves as such legatees, after paying all the specific legacies given by said will, and establishing the four trusts of ten thousand dollars each, provided for therein, the said David H. Sherman and Samuel W. Sherman are, and each of them is, hereby released and discharged from all and every liability, as well to each other as to others, as executors, as aforesaid, or otherwise for or on account of all moneys or property received or disbursed by them for or on account of the estate of the said Walter Snerman, deceased, and all the transactions and proceedings of the said executors are hereby approved, ratified and confirmed."

*Milton A. Fowler* for appellant. The will confided the trust to the two as executors and their qualification as executors carried with it their qualification as trustees. (Tiffany & Bullard on Trusts, 511.) If the court holds that the executors did not accept the trust, in that case they had no power to give the bonds to one of their number as trustee, unless the Surrogate's Court in a regular proceeding therefor so ordered. (Tiffany & Bullard on Trusts, 357.) This was a final accounting by executors and that alone. As to its effect, we find that it is conclusive as to certain things, which are specifically defined in the Code. (Code Civ. Pro. §§ 2742, 2743;

*Bacon* v. *Bacon*, 4 Dem. 5.)   The defendant David H. Sherman is liable with his co-trustee to account to the plaintiff for this fund, notwithstanding the fact that it was registered in the name of his co-trustee and was taken by him from the bankers, where both trustees had it deposited, and was subsequently wasted.   (Story's Eq. Juris. § 1284; Tiffany & Bullard on Trusts, 552; Beach on Eq. Juris. § 257; *Bruer* v. *Gillet*, 115 N. Y. 10.)

*Ira D. Warren* for respondent.   The surrogate had jurisdiction to make this decree.   The jurisdiction of surrogates over testamentary trustees is unquestioned.   (Laws of 1850, chap. 272; *In re Hawley*, 104 N. Y. 263; 100 id. 211; *In re Tilden*, 98 id. 435; *Bowditch* v. *Ayrault*, 138 id. 231; *Denton* v. *Sandford*, 103 id. 607; Code Civ. Pro. § 2742.)

PECKHAM, J.   The language of the will of Walter Sherman made the executors trustees of the fund of forty thousand dollars provided for in the fourth clause of the will.   This fund came into their possession in the first place in their character as executors, for the purpose of being disposed of as the will directed.   They in due time sought to end their duties and liabilities as executors, and to that end applied for a final accounting as such.   In the accounts which they presented they showed in effect that they had taken the trust fund and divided it by distributing one-half to each of the executors in their character as trustees under the above-mentioned fourth clause.   This account so presented showed that they had paid as executors to themselves as trustees under the will the amount of the trust fund in the way stated.   Thus, in assumed compliance with the will, this distribution of the estate was made by the executors, and the question for the surrogate to decide was whether such payment and distribution were right.   It may or may not have been right, but the surrogate had the power to decide in regard to it by virtue of his power to decree a distribution of the estate of the testator according to the terms of the will, including the trust fund.   Everybody

interested in the estate was before the surrogate, and with all the facts before him he approved of this distribution and decreed accordingly. From that time the executors were discharged and they held the trust fund as trustees under a decree which approved of and substantially directed this separation. The surrogate had jurisdiction to make such a direction and decree such a distribution even though it may have been erroneous. No appeal was taken from the decree, and now, after twelve years of acquiescence in all of its provisions, one of the children of one of the trustees desires to make the other trustee liable for the misconduct of his original co-trustee in relation to the fund in the possession of such co-trustee. I do not think the liability remained after the decree providing for and approving of the distribution was made. It would also seem to be going a long way in advance of any decision we have heretofore made to hold such a trustee liable for the waste of that part of a trust fund which under these circumstances had been placed in the physical possession and control of one of his colleagues by the direction and approval of the surrogate and where no negligence was shown on the part of the trustee who was sought to be made liable other than an acquiescence in the decision of the surrogate decreeing and approving of such separation of the funds.

We think the decision was right and it should be affirmed, with costs.

All concur, except BARTLETT, J., not voting.

Judgment affirmed.