SKILLIN et al. v. SKILLIN et al.

(Supreme Court, Appellate Division, First Department. February 6, 1903.)

1 PARTITION AMONG DEVISEES—DISTRIBUTION OF PERSONALTY—OVERPAYMENT
TO DEVISEE—NECESSARY PARTIES.

In a suit for partition between devisees, the issue as to whether one devisee, since deceased, had received more personalty than he was entitled to under the will, cannot be determined, where neither the ancestor's personal representatives, nor those of the overpaid devisee, are made parties.

2. ADMINISTRATOR—SETTLEMENT OF ACCOUNT—OVERPAYMENT TO LEGATEE—
RES JUDICATA.

Code Civ. Proc. § 2731, provides that where a contest arises on an accounting respecting property alleged to belong to an estate, and to which the accounting party lays claim, the contest shall be tried as any other issue in the surrogate's court. Sections 2742 and 2743 provide that the judicial settlement of an administrator's account and the decree of distribution shall be conclusive against the parties cited and privies. *Held*, that the decree entered on an accounting by an administrator, determining the amount of personal estate in his hands and directing its distribu-

tion, was res judicata, as against the parties to the proceeding, that the amount of the personal estate received by the administrator as legatee was not in excess of that to which he was entitled.

Appeal from special term, New York county.

Suit by Edward S. Skillin and others against Henry T. Skillin, individually, as cestui que trust, and as administrator of Julia L. Skillin, deceased, and others. From an interlocutory judgment for plaintiffs entered upon decision of the court at special term, defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Samuel C. Mount, for appellants.
Geo. C. Holt, for respondents.

INGRAHAM, J. This action was brought to partition certain real property, in which there was vested in the plaintiffs an undivided interest as tenants in common. It seems that prior to February 28, 1872, one Simeon D. Skillin was the owner of certain property described in the complaint; that on February 28, 1872, Simeon D. Skillin died, leaving a last will and testament, by which he devised to his son Edward S. Skillin one equal fourth of his estate, real and personal; that the said Edward S. Skillin died on or about May 19, 1892, intestate, being seised in fee and possessed of this one undivided fourth part of the said real estate; that the said Edward S. Skillin left, him surviving, a widow, the defendant Dallas H. Skillin, and three sons, the plaintiffs in this action, his sole heirs at law; that the appellant, individually and as administrator of Julia L. Skillin, deceased, who was a daughter of Simeon D. Skillin, the testator above named, defended this action, alleging that Edward S. Skillin, from whom the plaintiffs derived their title to the undivided interest in the real estate in question, received from the personal estate of his father a greater percentage than he was entitled to under the will, viz., more than one-fourth of such personal estate; and the answers ask, as affirmative relief, for an accounting on behalf of the plaintiffs of the overpayment made to their father, Edward S. Skillin, by the executor of Simeon D. Skillin, and for the payment out of the proceeds of this real property of the amount of such overpayment. Assuming that there was such an overpayment, it seems to us quite clear that there could be no recovery of it in this action. By the will of the testator an undivided fourth of the real property of which the testator was seised was devised to Edward S. Skillin, and he thereby became seised of that undivided fourth interest in such real property. His interest in that real estate had no relation to his right to receive a portion of the testator's personalty. If the executor of Simeon D. Skillin had paid to Edward S. Skillin any portion of the testator's personal estate in excess of that to which he was entitled, the claim against Edward S. Skillin would be a personal demand against him in favor of the personal representatives of his father for the amount of such overpayment, which upon his death

would be a demand against his executor or administrator, and not a demand against his heirs at law which would affect any·real estate inherited by them from their father. In this action, which is to partition this real estate, neither the personal representatives of Edward S. Skillin nor of Simeon D. Skillin are parties. It is alleged and may be conceded that there was no personal representative of estate of Edward S. Skillin appointed in this state, but that his estate was administered in the state of New Jersey, where he resided at the time of his death; but the presence as parties to this action of the personal representatives of Simeon D. Skillin and Edward S. Skillin was necessary to determine any controversy between these two estates as to an overpayment of the personal estate of the testator.

We also think that the decree entered on the accounting of Edward S. Skillin, as administrator with the will annexed of Simeon D. Skillin, before the surrogate, was an adjudication upon this subject which was binding upon this appellant, and conclusively established that this claim here made had no foundation. It is quite necessary to detail the facts which were proved in regard to this claim. It would appear from an examination of the evidence, however, that such an overpayment does not, as a matter of fact, exist, and that the amount of the personal estate of his father received by Edward S. Skillin was not in excess of that to which he was entitled; but that question was determined by the accounting of Edward S. Skillin as administrator. The executor appointed by the will was removed, and Edward S. Skillin was appointed administrator with the will annexed. As such he presented his accounts to the surrogate. Upon the settlement of his accounts the surrogate had jurisdiction to determine whether any property belonging to the estate was in the hands of the accounting party. Section 2731, Code Civ. Proc. To that accounting this appellant and his sister Julia, for whom he is administrator, were parties; and the decree of the surrogate in settling his accounts determined the amount of the personal estate of the testator in his hands, and directed its disposition. By that decree it was expressly determined that the administrator had fully accounted for all the moneys and property of the estate of the said deceased that had come into his hands as such administrator, and that his accounts had been adjusted by the surrogate; that there was a balance of the principal of the personal estate in the hands of the administrator with the will annexed of $21,578.26; that the accounting administrator was by the will of his father entitled to an equal, undivided fourth part of his real and personal estate; and that it further appearing that the said Edward S. Skillin had received from the executors of the will his share of the personal estate of the testator, and that legacies given by said will had all been paid, it was ordered, adjudged, and decreed that the said Edward S. Skillin, as administrator with the will annexed, assign, transfer, and set over to the Central Trust Company of New York, appointed by the decree trustee under the will of Simeon D. Skillin, deceased, the remaining amount of the personal estate in his hands, to be held as provided for in the will. The surrogate had jursidiction to determine the amount due from Edward S. Skillin to

the estate (section 2731, Code Civ. Proc.), and the adjudication determined the amount in his hands for which he was accountable, and disposed of the balance in his hands to which the trustee under the will of Simeon D. Skillin was entitled; and that adjudication is binding upon the appellant. Sections 2742, 2743, Code Civ. Proc.; Cline v. Sherman, 144 N. Y. 601, 39 N. E. 635.

It follows that the judgment appealed from should be affirmed, with costs. All concur.