EDWARD S. SKILLIN and Others, Respondents, *v.* CENTRAL TRUST COMPANY OF NEW YORK, as Trustee of Certain Trusts Created by the Will of SIMEON D. SKILLIN, Deceased and Others, Defendants, Impleaded with HENRY T. SKILLIN, Individually, and as Administrator, etc., of JULIA L. SKILLIN, Deceased, Appellant.

*Partition suit — a defendant cannot set up as a defense thereto that the plaintiff's ancestor has had more personal property than he was entitled to from the common estate — a claim for such personalty must be enforced by or against the personal representatives — a surrogate's decree held to be conclusive.*

One Simeon D. Skillin died, leaving a will by which he devised to his son, Edward S. Skillin, one-fourth of his estate, both real and personal. Edward S. Skillin died intestate, while seized of such undivided one-fourth of the real estate devised to him, and his heirs at law brought an action to partition such real estate. In such action one of the sons of Simeon D. Skillin, individually and as administrator of his sister, a daughter of Simeon D. Skillin, defended the action, alleging that Edward S. Skillin had received a greater percentage of the personal estate of Simeon D. Skillin than he was entitled to under the will and asked for an accounting in respect to the alleged over-payment and for the payment thereof out of the proceeds of the real estate.

Neither the personal representatives of Simeon D. Skillin nor those of Edward S. Skillin were parties to the action.

*Held,* that if there had been an over-payment the right to recover such over-payment would vest in the personal representatives of Simeon D. Skillin and be enforcible against the personal representatives of Edward S. Skillin, and not against the latter's heirs at law;

That, as the personal representatives of Simeon D. Skillin and Edward S. Skillin had not been made parties to the partition action, the controversy between the two estates as to the over-payment could not be determined therein;

That a decree rendered on an accounting by Edward S. Skillin, as administrator with the will annexed of Simeon D. Skillin, to which the answering defendant and his sister were parties, adjudging that Edward S. Skillin had fully accounted for all the moneys and property of the estate of Simeon D. Skillin in his hands, constituted an adjudication binding upon such answering defendant that there had been no over-payment to Edward S. Skillin.

MOTION by the defendant, Henry T. Skillin, individually and as *cestui que trust* and as administrator, etc., of Julia L. Skillin, deceased, for a new trial made upon a case containing exceptions, pursuant to section 1001 of the Code of Civil Procedure, after an interlocutory judgment entered upon the report of a referee dismissing the appellant's claim.

*Samuel C. Mount*, for the appellant.

*George C. Holt*, for the respondents.

INGRAHAM, J. :

This action was brought to partition certain real property in which there was vested in the plaintiffs an undivided interest as tenants in common. It seems that prior to February 28, 1872, one Simeon D. Skillin was the owner of certain property described in the complaint; that on February 28, 1872, Simeon D. Skillin died leaving a last will and testament by which he devised to his son Edward S. Skillin one equal fourth of his estate, real and personal; that the said Edward S. Skillin died on or about May 19, 1892, intestate, being seized in fee and possessed of this one undivided fourth part of the said real estate; that the said Edward S. Skillin left him surviving a widow, the defendant Dallas H. Skillin, and three sons, the plaintiffs in this action, his sole heirs at law ; that the appellant (Henry T. Skillin, a son of the testator) individually and as administrator of Julia L. Skillin, deceased, who was a daughter of Simeon D. Skillin, the testator above named, defended this action, alleging that Edward S. Skillin from whom the plaintiffs derived their title to the undivided interest in the real estate in question, received from the personal estate of his father a greater percentage than he was entitled to under the will, viz., more than one-fourth of such personal estate, and the answers ask as affirmative relief for an accounting on behalf of the plaintiffs of the overpayment made to their father, Edward S. Skillin, by the executor of Simeon D. Skillin, and for the payment out of the proceeds of this real property of the amount of such overpayment. Assuming that there was such an overpayment it seems to us quite clear that there could be no recovery of it in this action. By the will of the testator an undivided fourth of the real property of which the testator was seized was devised to Edward S. Skillin and he thereby became seized of that undivided fourth interest in such real property. His interest in that real estate had no relation to his right to receive a portion of the testator's personalty. If the executor of Simeon D. Skillin had paid to Edward S. Skillin any portion of the testator's personal estate in excess of that to which he was entitled, the claim against Edward S. Skillin would be a per-

sonal demand against him in favor of the personal representatives of his father for the amount of such overpayment which, upon his death, would be a demand against his executor or administrator and not a demand against his heirs at law which would affect any real estate inherited by them from their father. In this action, which is to partition this real estate, neither the personal representatives of Edward S. Skillin nor of Simeon D. Skillin are parties. It is alleged and it may be conceded that there was no personal representative of the estate of Edward S. Skillin appointed in this State, but that his estate was administered in the State of New Jersey, where he resided at the time of his death; but the presence as parties to this action of the personal representatives of Simeon D. Skillin and Edward S. Skillin was necessary to determine any controversy between these two estates as to an over payment of the personal estate of the testator.

We also think that the decree entered on the accounting of Edward S. Skillin, as administrator with the will annexed of Simeon D. Skillin, before the surrogate, was an adjudication upon this subject which was binding upon this appellant and conclusively established that this claim here made had no foundation. It is quite unnecessary to detail the facts which were proved in regard to this claim. It would appear from an examination of the evidence, however, that such an overpayment does not, as a matter of fact, exist, and that the amount of the personal estate of his father received by Edward S. Skillin was not in excess of that to which he was entitled, but that question was determined by the accounting of Edward S. Skillin as administrator. The executor appointed by the will was removed, and Edward S. Skillin was appointed administrator with the will annexed. As such he presented his accounts to the surrogate. Upon the settlement of his accounts the surrogate had jurisdiction to determine whether any property belonging to the estate was in the hands of the accounting party. (Code Civ. Proc. § 2731.) To that accounting this appellant and his sister Julia, for whom he is administrator, were parties, and the decree of the surrogate in settling his accounts determined the amount of the personal estate of the testator in his hands and directed its disposition. By that decree it was expressly determined that the administrator had fully accounted for all the moneys and property of the estate of the said

deceased that had come into his hands as such administrator, and that his accounts had been adjusted by the surrogate; that there was a balance of the principal of the personal estate in the hands of the administrator with the will annexed of $21,578.26; that the accounting administrator was, by the will of his father, entitled to an equal undivided fourth part of his real and personal estate, and it further appearing that the said Edward S. Skillin had received from the executors of the will his share of the personal estate of the testator, and that legacies given by said will had all been paid, it was ordered, adjudged and decreed that the said Edward S. Skillin, as administrator with the will annexed, assign, transfer and set over to the Central Trust Company of New York, appointed by the decree trustee under the will of Simeon D. Skillin, deceased, the remaining amount of the personal estate in his hands to be held as provided for in the will. The surrogate had jurisdiction to determine the amount due from Edward S. Skillin to the estate (Code Civ. Proc. § 2731), and the adjudication determined the amount in his hands for which he was accountable, and disposed of the balance in his hands, to which the trustee under the will of Simeon D. Skillin was entitled, and that adjudication is binding upon the appellant. (Code Civ. Proc. §§ 2742, 2743; *Cline* v. *Sherman*, 144 N. Y. 601.)

It follows that the motion for a new trial should be denied, with costs.

VAN BRUNT, P. J., O'BRIEN, McLAUGHLIN and HATCH, JJ., concurred.

Motion for new trial denied, with costs.