(88 Misc. Rep. 282)

#### FRIBOURG v. EMIGRANT INDUSTRIAL SAVINGS BANK et al.

(Supreme Court, Special Term, New York County.   December, 1914.)

JUDGMENT (§ 640*)—RES JUDICATA—DECISION OF SURROGATE—EXECUTORS AND ADMINISTRATORS.

Where the surrogate, in the exercise of the power conferred by Code Civ. Proc. § 2472a, and on due citation to a devisee claiming, as assignee thereof, a deposit made by decedent in a bank, determined, in a decree, the amount of such devisee's bequest, and offset a debt due from him to the estate, such decree was res judicata in a subsequent action, wherein the devisee claimed the deposit.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1154; Dec. Dig. § 640.*]

Action by Louisa Fribourg against the Emigrant Industrial Savings Bank and another.   On demurrer to affirmative defense and counterclaim.   Overruled.

Horwitz & Rosenstein, of New York City, for plaintiff.

Ferdinand E. M. Bullowa, of New York City, for defendant Esther Robitscher.

GUY, J.   Demurrer to affirmative defense and counterclaim.   Action of interpleader.

The complaint alleges that plaintiff is the assignee of (it not being stated whether by written or oral assignment, or that she ever had custody of the savings bank book) a deposit of $1,334.05 made by decedent in the Emigrant Industrial Savings Bank; that the bank refused to pay it to her; also that it is claimed by defendant, the decedent's executrix (who apparently had his savings bank book).   The answer alleged that the true amount on deposit at decedent's death was $1,360.73; that defendant executrix became entitled to it by virtue of her appointment and qualification as executrix; that in her account of proceedings the savings bank deposit was specifically set forth as a part of the estate; that plaintiff was duly cited in the accounting, which resulted in a decree settling and passing the executrix's account as filed, also discharging defendant executrix from all liability for the assets accounted for, including said deposit, upon making the payments as directed by the decree; that said decree was entered on March 11, 1914, prior to the commencement of the action, and the deposit still remains in the bank's custody.   The counterclaim repeated the foregoing allegations of the defense, and further alleged that, while plaintiff was a $3,000 legatee under decedent's will, she was also his debtor to the extent of $2,900, which the decree in the proceeding to which she was cited offset against her legacy.   The prayer for judgment in the counterclaim, among other things, is for the amount of the deposit, with interest.

Assuming that the rights of the parties are determined by the Code as it stood in March, 1914, the surrogate then had jurisdiction to ascertain the title to plaintiff's legacy or distributive share, to offset the debt due by plaintiff to the estate, also to exercise all other power, legal

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or equitable, necessary to the complete disposition of the matter. Code Civ. Proc. § 2472a. By the decree of March 11, 1914, the surrogate exercised this power upon due citation to plaintiff. Even under the Code as it existed before the amendment of 1910, expressly authorizing the surrogate to enforce set-offs, as well as to exercise all power, legal or equitable, necessary to the complete disposition of accountings, the weight of authority is that the surrogate's determination of the amount or disposition of an estate, legacy, or distributive share precludes any cited party to a decree from suing the executor to enforce by personal action or otherwise a different disposition of the fund or assets included (whether erroneously or correctly) in the accounting and decree settling the accounts. Cline v. Sherman, 144 N. Y. 602, 605, 606, 39 N. E. 635; Skillin v. Central Trust Co., 80 App. Div. 206, 208, 209, 80 N. Y. Supp. 188; Phalen v. United States Trust Co., 100 App. Div. 264, 270, 271, 91 N. Y. Supp. 537; Chester v. Buffalo Car Mfg. Co., 183 N. Y. 426, 435, 436, 76 N. E. 480.

The cases arising under the statutory proceedings to sell a decedent's real estate for the payment of his debts are not in point, nor are the cases based on the former theory that the Surrogate's Court is merely an inferior court of examination before trial. Since 1910 it is for many purposes a superior court with general statutory equity jurisdiction.

Demurrer overruled, with costs.